IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Tony James Garner, | ) |
|                Petitioner, | ) C/A No. 0:18-cv-02547-TMC |
| v. | ) **ORDER** |
| Hector Joyner, *Warden*, | ) |
|                Respondent. | ) |

This matter is before the court on Petitioner Tony Garner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] Magistrate Judge Paige Gossett filed a Report and Recommendation ("Report") recommending that the Petition be dismissed without prejudice. (ECF No. 10). Petitioner filed objections to the Report (ECF No. 12) and filed a supplement to those objections (ECF No. 18).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

---

[1] A magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Although Petitioner was incarcerated in this district when he filed his Petition, he is presently incarcerated at the Federal Correctional Institution Cumberland ("FCI Cumberland") in Cumberland, Maryland. (ECF No. 17). Ascertaining the proper respondent is critical because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). The federal habeas statute straightforwardly provides that "the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. "[T]here is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434-35 (quoting § 2242).

Here, Petitioner's current custodian, the Warden of FCI Cumberland in Cumberland, Maryland, is the proper respondent to his § 2241 petition in that he is the one who currently has custody over Petitioner. *Rumsfeld*, 542 U.S. at 434-35. Moreover, "the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Id.* at 445. Here, the court lacks jurisdiction over Petitioner's current custodian, the Warden of FCI Cumberland, who is located in Maryland. Accordingly, this court is constrained to conclude that it lacks jurisdiction to entertain this habeas petition. Because the court lacks jurisdiction, it must now determine whether to dismiss this action or to transfer the case to the appropriate jurisdiction. The court may, in the interests of justice, transfer the case to the appropriate court. *See Feller v. Brock*, 802 F.2d

722, 729, n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.") (citing 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3844 at 329-30 (1986)). Here, Petitioner was transferred to a prison in a different state after filing his habeas petition. Respondent has filed a motion to dismiss or, in the alternative, for summary judgment and this motion has been fully briefed. Thus, dismissing this case would be a harsh measure and the court finds that transfer, rather than dismissal, would serve the interests of justice and would not prejudice either party.

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds it is without jurisdiction. Therefore, the court declines to adopt the Report (ECF No. 10). Rather, the case shall be transferred to the District Court of Maryland for further proceedings.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
July 8, 2019